OPINION OF THE COURT
Stanley Gartenstein, J.
The biological truism that every child has both mother and father somehow yields in the mind of the Legislature to the sociological reality that not every child is raised by both parents. In assuming this hypothesis, and accommodating our social services system to it, the Legislature has created the anomalous situation now presented.
The Commissioner of Social Services, as a duly authorized petitioner under article 5 of the Family Court Act, sought and obtained an order of filiation dated August 20, 1979, adjudicating respondent Manuel R. as the father of the child Michael, born July 2, 1975 to Debra B., petitioner’s assignor. An order was entered directing respondent to pay $25 per week for the support of this minor child for the benefit of the Department of Social Services. The child was then and is now in foster care placement.
The within proceeding seeks enforcement of accumulated arreas of $2,600 against respondent father. It is admitted that both natural parents have executed surrender instruments, giving up all parental rights to the sub *153 ject child. Nevertheless, the Commissioner of Social Services relies on a statutory scheme which prima facie discriminates on the basis of sex.
Section 398 (subd 6, par [f]) of the Social Services Law relating to children born out of wedlock provides that the commissioner of public welfare may accept the surrender of a child via an instrument in writing complying with section 384 of the Social Services Law. That subdivision further relieves a surrendering mother of any and all liability for the support of an out-of-wedlock child, but makes no mention of a surrendering father. To that extent, the statutory scheme is incomplete by virtue of a legislative oversight. Although constitutionality of the statute was raised, a reading thereof in accordance with principles of gender neutrality obviates the necessity for a determination of unconstitutionality. (Orr v Orr, 440 US 268; Carole K v Arnold K, 85 Misc 2d 643.)
The court takes judicial notice of the fact that most children placed within the foster care system are born out of wedlock. The more common situation, therefore, would be a surrender instrument executed solely by a natural mother. Nevertheless, the fact that particular circumstances arise more often than others does not permit a distinction such as section 398 (subd 6, par [f]) of the Social Services Law would make if given a literal reading.
The court finds, accordingly, that it must read into the statute a cessation of financial liability of a natural father as regards a child who is the subject of his surrender instrument. This statutory construction enables us to avoid coming to grips with constitutionality.
The petition for accumulated arrears is accordingly dismissed.
The attention of the Legislature is respectfully directed to the statutory scheme in question which predates rulings of unconstitutionality as to sex-based statutes. This particular provision appears to have been overlooked in the recent overhaul of such statutes making them neuter gender. A single change of the word “mother” to “parent” *154 would serve to clarify an otherwise potentially troublesome law.